HEWLETT et al vs HYDEN.

Opinion delivered September 25, 1904.

1.  *Forcible Entry and Detainer—Evidence of Title.*

    In an action for the unlawful detainer of lands evidence seeking to show title to such lands in the plaintiff is admissible to show his right to the possession and the extent thereof.

2.  *Forcible Entry and Detainer—Instructions.*

    Instructions, in an action of forcible entry and detainer based upon evidence of title in the plaintiff, are admissible when they properly limit the extent and effect to be given to such evidence by the jury.

3.  *Evidence—Introduction of Part of Written Instrument Authorized Introduction of Whole.*

    Where the defendant offers in evidence parts of a complaint in another suit between the same parties, the court properly on request of plaintiff, submitted the whole complaint to the jury.

4.  *Forcible Entry and Detainer—Evidence Sufficient to Submit Case to Jury.*

    In an action of forcible entry and detainer, the plaintiff's evidence tended to show that he was the owner and in possession of the premises at the time the defendant entered, and that defendant armed himself and refused to vacate. Defendant's testimony was in conflict with this. *Held,* that thereby an issue of fact was raised for determination by the jury.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Whit W. Hyden against John W. Hewlett and others. Judgment for plaintiff. Defendants appeal. Affirmed.

This is an action of forcible entry and detainer.  The complaint contains the following allegation: "That on or about the————day of October, 1899, the plaintiff was in the lawful and peaceable possession of said premises; that about said day and date the defendant wrongfully and unlawfully entered into and upon said premises without the consent of the plaintiff, and detains and holds the same with force and strong hands."   A general denial was interposed by defendant, and a trial on the merits resulted in verdict and judgment for plaintiff, Hyden.

*Patchell & Pyeatt*, for appellants.

*Ledbetter & Bledsoe*, for appellee.

CLAYTON, J.   Seven of the ten specifications of error relied on by appellant—the first, second, fourth, fifth, sixth, seventh, and ninth—relate to the admission of evidence seeking to show that the title to the lands sued for was in the plaintiff. It has been repeatedly held by this court and by the Supreme Court of Arkansas in passing upon this and the unlawful detainer provision of the statute that this testimony is admissible to show the "right of possession, and the extent thereof." The very language of the statute makes it so.  The evidence, then, being admissible for this purpose, it only remains to be seen whether it was properly limited in its application by the charge of the court.   In this case the court instructed the jury as follows:   "The only question for the jury to consider is, was the plaintiff in the actual possession of the premises sued for at the time of the entry by the defendant, and whether or not the defendant forcibly obtained possession of the premises within the meaning of the statute above quoted."   Under this charge the jury were directed as to the proper weight to give to the testimony relating to the title.   They could not have found for the plaintiff simply because he owned the land
(13)

but they were directed that they must find that the plaintiff was in the actual possession thereof, and that the force required by the statute was used by the defendant. In this class of cases evidence of title is, by the very terms of the statute giving the remedy, admissible for the purpose of showing the right of possession and the extent thereof; and when it is properly limited in its application by the court's instruction the jury cannot be misled thereby.

The third specification of error is as follows: "The court erred in permitting the plaintiff, over defendant's objection, to read in evidence the parts of his complaint in the subsequent unlawful detainer action filed by plaintiff." The defendant had offered in evidence certain parts of a complaint in a suit between the same parties filed subsequently to the one at trial, and the plaintiff asked that the whole paper be submitted to the jury, which the court properly permitted him to do. Whart. Ev. 617, 618, 1103.

The ninth specification is that the court refused to direct a verdict for the defendant, and the tenth that the court erred in overruling the motion for new trial. The plaintiff offered evidence tending to show that he was the owner and in the actual possession of the premises in controversy at the time the defendant entered, and that the defendant armed himself with a Winchester, and refused to vacate when requested so to do. The evidence on the part of the defendant was in conflict with this, and an issue was thereby raised which the court was required to submit to the jury. As there was no error committed on the trial, the motion for a new trial was properly overruled.

Let the judgment of the court below be affirmed.